IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NEW BREED LOGISTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:05-CV-1999-CC |
| ALFRED KARCHER, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ALFRED KARCHER, INC.'S ANSWER
## AND COUNTERCLAIM

NOW COMES Defendant ALFRED KARCHER, INC. ("Karcher"), by and through its undersigned counsel, and in accordance with Rules 8, 12 and 13 of the Federal Rules of Civil Procedure, hereby makes and files this Answer and Counterclaim to Plaintiff New Breed Logistics, Inc.'s ("New Breed") Complaint and respectfully shows the Court as follows:

1.

Karcher states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2.

Karcher admits the allegations in paragraph 2 of the Complaint.

3.

Karcher admits that this Court has jurisdiction over the claims currently asserted against Karcher in this lawsuit.

4.

Karcher does not contest venue as alleged in paragraph 4 of the Complaint.

**"Factual Allegations"**

5.

Karcher admits the allegations in paragraph 5 of the Complaint.

6.

Karcher admits the allegations in paragraph 6 of the Complaint.

7.

Karcher admits the allegations in paragraph 7 of the Complaint.

8.

Karcher admits that the Warehousing, Fulfillment and Distribution Services Agreement speaks for itself.  The remaining allegations in paragraph 8 of the Complaint are denied.

9.

Karcher admits that the Warehousing, Fulfillment and Distribution Services Agreement speaks for itself.  The remaining allegations in paragraph 9 of the Complaint are denied.

10.

Karcher admits that it did negotiate to enter into an agreement with CPS in 2004 and that it considered transferring to a CPS warehouse the inventory that New Breed had stored and distributed for Karcher.  The remaining allegations in paragraph 10 of the Complaint are denied.

11.

Karcher admits that it negotiated a letter agreement with New Breed dated November 30, 2004 a true and correct copy of which is attached to the Complaint as Exhibit B.  That November 20, 2004 letter agreement speaks for itself.  The remaining allegations in paragraph 11 of the Complaint are denied.

12.

Karcher admits that the parties entered into the November 30, 2004 letter agreement, attached to the Complaint as Exhibit B.  The remaining allegations in paragraph 12 of the Complaint are denied.

13.

Karcher admits that the November 30, 2004 letter agreement, attached to the Complaint as Exhibit B, contains the text cited in paragraph 13 of the Complaint, and that Karcher drafted the type-written portions of the November 30, 2004 letter agreement. The remaining allegations in paragraph 13 of the Complaint are denied.

14.

Karcher denies the allegations in paragraph 14 of the Complaint.

15.

Karcher admits that New Breed performed services pursuant to the Warehousing, Fulfillment and Distribution Services Agreement and November 30, 2004 letter agreement. The remaining allegations in paragraph 15 of the Complaint are denied.

16.

Karcher admits that it paid New Breed for services performed pursuant to the Warehousing, Fulfillment and Distribution Services Agreement and November 30, 2004 letter agreement. The remaining allegations in paragraph 16 of the Complaint are denied.

17.

Karcher admits that certain of its products were removed from New Breed's premises in December 2004 and January 2005. Karcher denies that its entire inventory was removed from New Breed's premises. The remaining allegations in paragraph 17 of the Complaint also are denied.

18.

Karcher admits that New Breed submitted to Karcher invoices in February and March 2005 in the amount of $37,207.00 each and that Karcher did not pay those invoices. The remaining allegations in paragraph 18 of the Complaint also are denied.

19.

Karcher admits that New Breed did make oral demands for the payment of $83,825.60, that New Breed sent to Karcher a "Notice of Default," and that Karcher did not pay the February or March 2005 invoices it received from New Breed. The remaining allegations in paragraph 19 of the Complaint are denied.

20.

Karcher admits that the Notice of Default speaks for itself. Otherwise, the allegations in paragraph 20 of the Complaint are denied.

21.

Karcher admits the allegations in paragraph 21 of the Complaint.

22.

Karcher admits that it has refused to make a payment to New Breed in the amount of $83,825.60, as demanded by New Breed.  Karcher denies the remaining allegations in paragraph 22 of the Complaint.

## Count I
## (Breach of Contract)

23.

Karcher incorporates its responses to allegations 1 through 22 as if fully set forth herein.

24.

Karcher admits the Warehousing, Fulfillment and Distribution Services Agreement and November 30, 2004 letter agreement are valid and binding agreements.  The remaining allegations in paragraph 24 of the Complaint are denied.

25.

Karcher denies the allegations in paragraph 25 of the Complaint.

26.

Karcher denies the allegations in paragraph 26 of the Complaint.

27.

Karcher denies the allegations in paragraph 27 of the Complaint.

## Count II
### (Promissory Estoppel)

28.

Karcher incorporates its responses to allegations 1 through 27 as if fully set forth herein.

29.

Karcher denies the allegations in paragraph 29 of the Complaint.

30.

Karcher denies the allegations in paragraph 30 of the Complaint.

31.

Karcher denies the allegations in paragraph 31 of the Complaint.

32.

Karcher denies the allegations in paragraph 32 of the Complaint.

## Count III
**(Unjust Enrichment)**

33.

Karcher incorporates its responses to allegations 1 through 32 as if fully set forth herein.

34.

Karcher denies the allegations in paragraph 34 of the Complaint.

35.

Karcher denies the allegations in paragraph 35 of the Complaint.

36.

Karcher denies the allegations in paragraph 36 of the Complaint.

37.

Karcher denies the allegations in paragraph 37 of the Complaint.

## Count IV
**(Fraudulent Inducement and Misrepresentation)**

38.

Karcher incorporates its responses to allegations 1 through 37 as if fully set forth herein.

39.

Karcher admits the Warehousing, Fulfillment and Distribution Services Agreement and November 30, 2004 letter agreement are valid and binding agreements that speak for themselves. Karcher also admits that is discussed the terms of those agreements with New Breed prior to executing the agreements. Karcher denies the remaining allegations in paragraph 39 of the Complaint.

40.

Karcher admits that it did not pay the February and March 2005 invoices that it received from New Breed. The remaining allegations in paragraph 40 of the Complaint also are denied. Karcher specifically denies that its entire inventory and other property was removed, from New Breed's premises.

41.

Karcher denies the allegations in paragraph 41 of the Complaint.

42.

Karcher denies the allegations in paragraph 42 of the Complaint.

43.

Karcher denies the allegations in paragraph 43 of the Complaint.

## Count V
## (Punitive Damages)

44.

Karcher incorporates its responses to allegations 1 through 43 as if fully set forth herein.

45.

Karcher denies the allegations in paragraph 45 of the Complaint.

## Count VI
## (Recovery of Expenses of Litigation – O.C.G.A. § 13-6-11)

46.

Karcher incorporates its responses to allegations 1 through 45 as if fully set forth herein.

47.

Karcher denies the allegations in paragraph 47 of the Complaint.

Karcher denies each and every allegation contained in the Complaint not specifically admitted or otherwise responded to herein including, but not limited to, each of New Breed's prayers for relief.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

New Breed's claims are barred, in whole or in part, by waiver, estoppel, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

New Breed failed to plead its claim for fraudulent inducement with particularity as required by Federal Rule of Civil Procedure 9(b).

## FOURTH AFFIRMATIVE DEFENSE

Karcher is entitled to set-off of any damages claimed to be owed by Karcher to New Breed.

## ALFRED KARCHER, INC.'S COUNTERCLAIM AGAINST NEW BREED LOGISTICS, INC.

NOW COMES Defendant Alfred Karcher, Inc. ("Karcher"), and, pursuant to Rules 8 and 13 of the Federal Rules of Civil Procedure, hereby alleges its Counterclaim against New Breed Logistics, Inc. ("New Breed") as follows:

## Nature of Action

1.

This is an action in which Karcher seeks monetary damages resulting from New Breed's wrongful misappropriation of Karcher's pick, storage and categorization shelving units that included 270 spare parts bins ("Spare Parts

Bins") and certain of Karcher's product inventory that was stored at New Breed's warehouse facilities.

## The Parties

2.

Karcher is a foreign corporation organized under the laws of the State of Delaware and is registered to do business in the State of Georgia.

3.

On information and belief New Breed is a corporation organized under the laws of North Carolina.

## Jurisdiction and Venue

4.

The sum or value of the matter at issue in this Counterclaim exceeds $75,000, exclusive of interest and costs, and this Court has subject matter jurisdiction under 28 U.S.C. §§ 1332.

5.

New Breed has conducted business in the State of Georgia and in this judicial district. Personal jurisdiction, pursuant to the Georgia long-arm statute, O.C.G.A. § 9-10-91, exists over New Breed, by virtue of its acts in Georgia and

this judicial district including, but not limited to, its filing of the Complaint against Karcher in this Court.

6.

With regard to this Karcher's counterclaim, venue in this judicial district is proper under 28 U.S.C. § 1391.

## **Background**

7.

Karcher is the leading provider of consumer, commercial and industrial cleaning products in the United States.

8.

New Breed is a provider of warehousing, fulfillment and distribution services.

9.

In 2001 the parties entered into the Warehousing, Fulfillment and Distribution Services Agreement and for the next several years, New Breed provided warehousing, fulfillment and distribution services to Karcher. That agreement is attached to New Breed's Complaint as Exhibit A.

10.

In connection with the warehousing and storage of its inventory of products, Karcher provided to New Breed certain pick, storage and categorization shelving units that included 270 spare parts bins ("Spare Parts Bins") for use in New Breed's warehouses.

11.

On or around November 30, 2004, New Breed and Karcher reached an agreement regarding the winding down of the parties' relationship.  That agreement is embodied in the November 30, 2004 Letter Agreement between New Breed and Karcher and is attached to New Breed's Complaint as Exhibit B.

12.

Pursuant to the November 30, 2004 Letter Agreement, the parties agreed that "[Karcher] will withdraw its products and other property (spare parts bins, approximately 270) from [New Breed's] facility in accordance with [Karcher's] business needs, and it will complete this withdrawal by March 31, 2005."

13.

During the time period from December 2004 through January 2005, Karcher endeavored to withdraw its products from New Breed's facilities.

14.

Thereafter, Karcher learned that New Breed had not returned the Spare Parts Bins and certain of Karcher's product inventory as agreed in the November 30, 2004 Letter Agreement.

15.

Then, Karcher demanded that New Breed return Spare Parts Bins and missing inventory.

16.

In response, New Breed informed Karcher that it would not return the Spare Parts Bins as it had agreed in the November 30, 2004 Letter Agreement and denied that it was in possession of the missing inventory.

17.

As of the filing of this counterclaim, New Breed continues to refuse to return to Karcher the Spare Parts Bins or missing product inventory.

## COUNT I
**(Breach of Contract)**

18.

Karcher incorporates the allegations set forth in paragraphs 1 through 17 above as if fully set forth herein.

19.

Pursuant to the November 30, 2004 Letter Agreement, Karcher and New Breed agreed that "[Karcher] will withdraw its products and other property (spare parts bins, approximately 270) from [New Breed's] facility in accordance with [Karcher's] business needs, and it will complete this withdrawal by March 31, 2005."

20.

As of the filing of this Counterclaim, New Breed has failed to comply with its contractual obligation to allow Karcher to withdraw the Spare Parts Bins and missing inventory from its facilities and has failed to account for certain missing inventory of Karcher products.

21.

As a result of the conduct described above, New Breed has breached its contractual obligations owed to Karcher.

22.

As a proximate result of New Breed's breach of its contractual obligations, Karcher has suffered damages in an amount to be proven at trial.

## COUNT II
**(Conversion)**

23.

Karcher incorporates the allegations set forth in paragraphs 1 through 22 above as if fully set forth herein.

24.

As of the filing of this Counterclaim, New Breed has refused to allow Karcher to obtain possession of the Spare Parts Bins and missing inventory of Karcher products.

25.

The Spare Parts Bins and missing inventory of Karcher products are the sole property of Karcher.

26.

On several occasions several months, Karcher has demanded that New Breed return the Spare Parts Bins and missing inventory of Karcher products.

27.

New Breed has refused Karcher's demands and New Breed has intentionally interfered with Karcher's possession and right to possession of the Spare Parts Bins and missing inventory of Karcher products without cause or permission.

28.

As a result of New Breed's unauthorized and illegal possession of the Spare Parts Bins and missing inventory of Karcher products, Karcher has been damaged.

29.

Based upon the actions of New Breed as described above, and as will additionally be shown at trial, Karcher is entitled to recover from New Breed the actual damages suffered in an amount to be shown at trial.

## COUNT III
**(Attorneys' Fees)**

30.

Karcher incorporates the allegations set forth in paragraphs 1 through 29 above as if fully set forth herein.

31.

Karcher is entitled to its reasonable attorneys' fees and expenses of litigation because New Breed has been stubbornly litigious, has acted in bad faith, and has caused Karcher unnecessary trouble and expense in connection with this matter.

WHEREFORE, having fully answered the Complaint and having set forth its Counterclaim, Karcher prays that:

a.     Judgment be entered in favor of Karcher and against New Breed on each Count of the Complaint;

b.     Judgment be entered in favor of Karcher and against the New Breed on each Count of the Counterclaim;

c.     The Court deny New Breed's requests for damages for each and every claim set forth in the Complaint;

d.     The Court grant Karcher's requests for damages for each and every claim set forth in the Counterclaim in an amount to be proven at trial;

e.     The Court deny New Breed's request for attorneys' fees;

f.     The Court find that New Breed's conduct described herein justifies an award of attorneys' fees;

g.     The Court deny New Breed's request for punitive damages; and

h.     The Court grant such other and further relief as it may deem just and proper.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

Respectfully submitted this 29th day of August, 2005.

DUANE MORRIS, LLP

/s/ John C. Herman
John C. Herman
   (Ga. Bar No. 348370)
Matthew S. Yungwirth
   (Ga. Bar No. 783597)
1180 West Peachtree Street
Suite 700
Atlanta, GA  30309
(404) 253-6900 (Phone)
(404) 253-6903 (Facsimile)

Attorneys for Defendant
ALFRED KARCHER, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NEW BREED LOGISTICS, INC.,          )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )      CIVIL ACTION FILE
                                    )      NO. 1:05-CV-1999-CC
ALFRED KARCHER, INC.,               )
                                    )
    Defendant.                      )
_____)

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on August 29, 2005, a true and

correct copy of the foregoing **Alfred Karcher, Inc.'s Answer and Counterclaims**

was electronically filed with the Clerk of Court using the CM/ECF system which

will automatically send email notification of such filing to all attorneys of record.

This 29th day of August, 2005.

/s/     John C. Herman
John C. Herman
Ga. Bar No. 348370

DUANE MORRIS LLP
1180 West Peachtree Street, Suite 700
Atlanta, Georgia 30309-3448
Telephone:  (404) 253-6900
Facsimile:  (404) 253-6901          Attorneys for Plaintiff