IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NEW BREED LOGISTICS, INC., )
)
Plaintiff, )
)
v. ) Civil Action No.
) 1:05-cv-1999-CC
ALFRED KARCHER, INC., )
)
Defendant. )

---

ANSWER AND DEFENSES OF NEW BREED LOGISTICS, INC.
TO ALFRED KARCHER, INC.'S COUNTERCLAIMS

---

Plaintiff New Breed Logistics, Inc., by and through its counsel of record, hereby submits its Answer to the Counterclaims filed against it in the above-styled action and sets forth its defenses thereto within the time allowed by law.

## ANSWER

### Nature of Action

1.

Plaintiff admits that Defendant seeks monetary damages from Plaintiff. Plaintiff denies the remaining allegations set forth in Paragraph 1 of Defendant's Counterclaim.

**The Parties**

2.

Plaintiff admits the allegations set forth in Paragraph 2 of Defendant's Counterclaim.

3.

Plaintiff admits the allegations set forth in Paragraph 3 of Defendant's Counterclaim.

**Jurisdiction and Venue**

4.

Plaintiff denies the allegations set forth in Paragraph 4 of Defendant's Counterclaim.

5.

Plaintiff admits that it has conducted business within the Northern District of Georgia and that it can be subject to personal jurisdiction herein. Plaintiff denies any and all remaining allegations set forth in Paragraph 5 of Defendant's Counterclaim.

6.

Plaintiff admits the allegations set forth in Paragraph 6 of Defendant's Counterclaim.

**Background**

7.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Defendant's Counterclaim and therefore denies all allegations set forth therein.

8.

Plaintiff admits the allegations set forth in Paragraph 8 of Defendant's Counterclaim.

9.

Plaintiff admits the allegations set forth in Paragraph 9 of Defendant's Counterclaim.

10.

Plaintiff denies the allegations set forth in Paragraph 10 of Defendant's Counterclaim.

11.

Plaintiff admits the allegations set forth in Paragraph 11 of Defendant's Counterclaim.

12.

Plaintiff admits that the November 30, 2004 Letter Agreement speaks for itself.

13.

Plaintiff admits that Defendant removed all of its inventory from Plaintiff's premises in December 2004 and January 2005. Plaintiff denies any and all remaining allegations set forth in Paragraph 13 of Defendant's Counterclaim.

14.

Plaintiff denies the allegations set forth in Paragraph 14 of Defendant's Counterclaim.

15.

Plaintiff admits that Defendant demanded Plaintiff return allegedly missing inventory and bins. Plaintiff denies all remaining allegations set forth in Paragraph 15 of Defendant's Counterclaim.

16.

Plaintiff admits that it has informed Defendant that it is not in possession of allegedly missing inventory or bins belonging to Plaintiff. Plaintiff denies all remaining allegations set forth in Paragraph 16 of Defendant's Counterclaim.

17.

Plaintiff denies the allegations set forth in Paragraph 17 of Defendant's Counterclaim.

**COUNT I**
**(Breach of Contract)**

18.

Plaintiff incorporates by reference its responses to the paragraphs above as if fully set forth herein.

19.

Plaintiff admits that the November 30, 2004 Letter Agreement speaks for itself.

20.

Plaintiff denies the allegations set forth in Paragraph 20 of Defendant's Counterclaim.

21.

Plaintiff denies the allegations set forth in Paragraph 21 of Defendant's Counterclaim.

22.

Plaintiff denies the allegations set forth in Paragraph 22 of Defendant's Counterclaim.

**COUNT II**
**(Conversion)**

23.

Plaintiff incorporates by reference its responses to the paragraphs above as if fully set forth herein.

24.

Plaintiff denies the allegations set forth in Paragraph 24 of Defendant's Counterclaim.

25.

Plaintiff denies the allegations set forth in Paragraph 25 of Defendant's Counterclaim.

26.

Plaintiff admits that Defendant demanded Plaintiff return allegedly missing inventory and bins. Plaintiff denies any and all remaining allegations set forth in Paragraph 26 of Defendant's Counterclaim.

27.

Plaintiff denies the allegations set forth in Paragraph 27 of Defendant's Counterclaim.

28.

Plaintiff denies the allegations set forth in Paragraph 28 of Defendant's Counterclaim.

29.

Plaintiff denies the allegations set forth in Paragraph 29 of Defendant's Counterclaim.

**COUNT III**
**(Attorneys' Fees)**

30.

Plaintiff incorporates by reference its responses to the paragraphs above as if fully set forth herein.

31.

Plaintiff denies the allegations set forth in Paragraph 31 of Defendant's Counterclaim.

To the extent that Defendant's WHEREFORE clause requires a response, Plaintiff denies that Defendant is entitled to any of the relief set forth therein, including subparagraphs "a" through "h", or otherwise.

Except as expressly admitted herein, Plaintiff denies any other allegations contained in Defendant's Counterclaim.

## DEFENSES

### FIRST DEFENSE

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant is estopped from recovery by operation of its own conduct.

**THIRD DEFENSE**

Defendant is barred from pursuing its Counterclaims to the extent such claims are barred in whole or in part by the doctrines of unclean hands and/or waiver.

**FOURTH DEFENSE**

The Court has no jurisdiction over Defendant's Counterclaims on the grounds asserted by Defendant.

**FIFTH DEFENSE**

To the extent that Defendant has failed to mitigate any alleged damages, it is not entitled to any relief.

**SIXTH DEFENSE**

Plaintiff reserves the right to assert further defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered, Plaintiff requests that the Court dismiss Defendant's Counterclaim, that judgment be entered in favor of the Plaintiff, that the Court award Plaintiff reasonable attorney's fees and costs for its defense of Defendant's Counterclaim, and that the Court award such other relief as the Court may deem proper.

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiff certifies that the foregoing **ANSWER AND DEFENSES OF NEW BREED LOGISTICS, INC. TO ALFRED KARCHER, INC.'S COUNTERCLAIMS** has been prepared in Courier New font, 12-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

DATED this 16th day of September, 2005.

Respectfully submitted,

s/ Reneé A. Canody

Jeffrey D. Mokotoff
Georgia Bar No. 515472
jmokotoff@fordharrison.com
Reneé A. Canody
Georgia Bar No. 243660
rcanody@fordharrison.com

FORD & HARRISON LLP
1275 Peachtree Street, N.E.
Suite 600
Atlanta, GA 30309
Telephone: (404) 888-3800
Facsimile: (404) 888-3863

Attorneys for Plaintiff
New Breed Logistics, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **NEW BREED LOGISTICS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **1:05-cv-1999-CC** |
| **ALFRED KARCHER, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2005, I electronically filed the **ANSWER AND DEFENSES OF NEW BREED LOGISTICS, INC. TO ALFRED KARCHER, INC.'S COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

John C. Herman, Esq.
Matthew Sean Yungwirth, Esq.
Duane Morris
1180 West Peachtree Street, NW
Suite 700
Atlanta, GA 30309

s/ Reneé A. Canody

Reneé A. Canody
Georgia Bar No. 243660
rcanody@fordharrison.com

FORD & HARRISON LLP
1275 Peachtree Street, N.E.
Suite 600
Atlanta, GA 30309
Telephone: (404) 888-3800
Facsimile: (404) 888-3863

Attorneys for Plaintiff
New Breed Logistics, Inc.